UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELICO SONOMA, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GANNETT CO., INC., et al.,<br><br>　　　　Defendants. | Case No. 22-cv-00590-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 19 |

Now before the Court for consideration is the motion to dismiss filed by Defendants Beth Warren ("Warren") and Gannett Co., Inc. (collectively, "Defendants"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and it HEREBY GRANTS Defendants' motion but will give Plaintiff, Helico Sonoma, Inc. ("Helico"), leave to amend.

## BACKGROUND

This case arises out of a dispute between Helico and Defendants, when a helicopter was required to make an emergency landing. (Notice of Removal, Ex. A, Complaint ("Compl.").)[1] Gannett employed Warren at the time of the incident. (*Id.* ¶¶ 6, 15-16.) Before takeoff, the helicopter's pilot gave the passengers, including Warren, a pre-flight briefing, which included "operation of the door, egress procedures, use of headsets, smoking prohibition, hazards associated with doors-off operations, and, most pertinently here, the importance of securing all loose items within the cabin-specifically, camera equipment and clothing."[2] (*Id.* ¶ 7.) Helico also alleges that because the pilot "anticipated cold temperatures while airborne, the pilot confirmed with each

---

[1] *See* Dkt. No. 1 at ECF pp. 4-10.

[2] Helico does not allege facts about its connection with the pilot.

1    passenger, including Warren, what each passenger would be wearing." (*Id.*) In addition, the pilot

2    "reemphasized the associated hazards in not securing those loose articles of clothing." (*Id.*)

3    During the flight, Warren removed an article of her clothing, which "flew outside of the

4    helicopter and become entangled" on the stabilizer near the tail rotor. (*Id.* at ¶ 8.) During the

5    shutdown procedure, the article of clothing "became dislodged from the horizontal stabilizer and

6    was ingested by the tail rotor, breaking the helicopter's drive shaft." (*Id.* ¶ 9.) Although the pilot

7    landed the helicopter without causing serious injury or death to any passenger, the helicopter was

8    significantly damaged. (*Id.*)

9    Based on these facts, Helico alleges Defendants were negligent and breached an oral

10   contract.

**ANALYSIS**

**A.    Legal Standards on Motions to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss &*

2

*Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Grants Defendants' Motion to Dismiss, With Leave to Amend.**

Defendants only move dismiss Helico's breach of contract claim. They argue that Helico has not alleged sufficient facts to establish consideration and mutual assent and, therefore, has not alleged the existence of an oral contract.[3] According to Helico Warren agreed to follow the pilot's instructions "and act with reasonable care", including "secur[ing] all loose articles of clothing and equipment," in exchange for being a passenger on the helicopter. (Compl. ¶ 31.)[4]

Defendants argue these facts are not sufficient to establish consideration because Warren simply agreed to do what she was bound by law to do, citing California Civil Code section 1714(a).[5] Helico argues it is entitled to plead alternative theories of liability premised on the same facts and that the allegations are sufficient to establish consideration.

Consideration is:

> [a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor[.]

---

[3] The essential elements of a claim for breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff. *Reichert v. General Insurance Co.*, 68 Cal. 2d 822, 830 (1969). Defendants do not contend that the parties were incapable of contracting or that the object of the contract was unlawful. *See* Cal. Civ. Code § 1550.

[4] Warren allegedly breach this contract by removing the article of clothing during the ride. (Compl. ¶ 33.) As Defendants note, Helico's negligence claim also arises out of Warren's alleged duty to follow the pilot's instructions and act with reasonable care, including securing loose articles of clothing and equipment. Helico alleges Warren breached that duty by removing the article of clothing. (*Id.* ¶¶ 20-22.)

[5] "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself."

In their reply, Defendants also argue the pilot was following requirements set forth in the Code of Federal Regulations. Because Defendants did not raise that argument in the opening brief, the Court has not considered it. *See, e.g., Padilla v. City of Richmond,* 509 F. Supp. 3d 1168, 1180 (N.D. Cal. 2020) ("As a general rule, courts do not consider arguments raised for the first time on reply.").

3

Cal. Civ. Code § 1605.

"It is a uniform rule of law that a consideration for an agreement is not adequate when it is a mere promise to perform that which the promisor is already legally bound to do." *Louisville Title Ins. Co. v. Surety Title & Guar. Co.*, 60 Cal. App. 3d 781, 791 (1976) (internal citations and quotations omitted); *see also US Ecology v. State of Cal.*, 92 Cal. App. 4th 113, 129 (2001) ("A promise to perform a preexisting legal duty is not supported by consideration."). If, however, "the bargained-for-performance which is rendered includes something that is not within the requirements of a preexisting duty, the law of consideration is satisfied." *House v. Lala*, 214 Cal. App. 2d 238, 243 (1963). Accepting the allegations as true, the Court is not persuaded by Helico's argument that Warren agreed to do anything different from what she already was required to do by law.

Assuming for the sake of argument that the facts are sufficient to establish consideration, the Court also finds persuasive Defendants' argument that mutual consent is lacking. "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 789 (2019) (internal citations and quotations omitted); *see also Fowler v. Security First National Bank*, 146 Cal. App. 2d 37, 47 (1956) ("If words are spoken under circumstances where it is obvious that neither party would be entitled to believe that the other intended a contract to result, there is no contract."). Taking the facts alleged as true, and evaluating them pursuant to an objective standard, the Court concludes they are insufficient to plausibly show Warren would have understood that she was entering into a contract with Helico by agreeing to follow the pilot's instructions and to secure her loose article of clothing and equipment.

Accordingly, the Court GRANTS Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. The Court will grant Helico leave to amend this claim by no later than May 2, 2022, if it can do so in good faith and in compliance with its obligations under Federal Rule of Civil Procedure 11.

Defendant's answer to the remaining claim shall be due by April 25, 2022, unless the parties submit a stipulation and proposed order extending Defendants' time to respond.

The Court CONTINUES the case management conference currently scheduled for May 6, 2022, to May 27, 2022, at 11:00 a.m. The parties' joint case management conference statement shall be due on or before May 20, 2022.

**IT IS SO ORDERED.**

Dated: April 11, 2022

_____
JEFFREY S. WHITE
United States District Judge